-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KEVIN SAXON,

        Plaintiff,

                                                          DECISION AND ORDER
-v-                                                    06-CV-0826F

COMM. GLENN GOORD, ANTHONY ANNUCCI,
LUCIEN LECLAIRE, and THOMAS POOLE,

        Defendants.
_____

Plaintiff, Kevin Saxon, an inmate of the Five Points Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. §§ 1983, 1985 and 1986 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 2). Plaintiff claims that the defendants Glenn Goord, former Commissioner of the New York State Department of Correctional Services ("DOCS"), Anthony Annucci, former Deputy Commissioner and Counsel for DOCS, Lucien LeClaire, former Deputy Commissioner, and Thomas Poole, Superintendent of Five Points, violated his rights when Poole placed plaintiff on "non-contact" visitation, pursuant to Section 302.2(1)[1] of the New York Code of Rules and Regulations. Plaintiff claims that the

---

[1] Section 302.2(1) of Title VII, Department of Correctional Services, Chapter VI. Special Housing Units, Part 302. Admission Procedure, New York Code of Rules and Regulations, provides:

(1) Visiting. Except as otherwise provided by this Part, no inmate shall be deprived of the visiting privileges available to inmates in the general population.

(i) One nonlegal visit per week will be permitted during visiting hours scheduled by the facility. There will be no limits on the number of legal visits, subject to reasonable scheduling.

(ii) Visits for persons in special housing units shall be in accordance with any special precautions deemed necessary or appropriate by the superintendent of the facility. Such special precautions may include, but are not limited to, restriction to noncontact visiting for all visits or with a specified visitor or visitors; denial of visiting

restriction occurred following his transfer to Five Points in January 2004 and placement in administrative segregation at Five Points, pursuant to N.Y Comp. Codes R. & Regs., § 310.4. He also claims that the restriction occurred after he had two family visitations on January 30 and February 5, 2004, without incident, and that the restriction was based on his criminal record for which he had been convicted, his prior escape from police custody, his violence towards staff and possession of "serious contraband."

Plaintiff's complaint, which is repetitive and stated generally in summary fashion, appears to allege that the denial of contact visitation with his family is cruel and unusual punishment. Liberally construing the complaint, as the Court must do, the Court finds that plaintiff is alleging that the defendants violated his rights to free association and due process under the First and Fourteenth Amendments to the United States Constitution, and that the revocation of contact visits constituted cruel and unusual punishment in violation of the Eighth Amendment. For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, and all the claims against defendants Goord, LeClaire and Annucci, the claims under 42 U.S.C. §§ 1985 and 1986, and the claim alleging a violation of plaintiff's right to due process are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The remaining claims under § 1983 alleging a violation of plaintiff's First Amendment right to freedom of association and his Eighth

---

with a specified visitor or visitors; or other special precautions to maintain the safety, security or good order of the department or its correctional facilities. However, no employee shall be permitted to monitor the content of conversation between an inmate and his legal or spiritual advisor.

Amendment right to be free from cruel and unusual punishment may proceed against defendant Poole at this time.[2] See Overton v. Bazzetta, 539 U.S. 126 (2003).

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed in forma pauperis. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. See King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46. Ct. 99 (1957); and see Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir. 1998).

Based on its evaluation of the complaint, pursuant to 28 U.S.C. § § 1915(e)(2)(B) and 1915A, see Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (Sections 1915 and 1915A "provide an efficient means by which a court can screen for and dismiss legally insufficient claims.") (internal quotation marks and citations omitted), the Court finds that: (1) all of plaintiff's claims against Goord, LeClaire and Annucci must be dismissed

---

[2] See, e.g., McEachin v. McGuiniss, 357 F.3d 197, 200 (2d Cir. 2004) ("We have frequently reiterated that '[s]ua sponte dismissals of pro se prisoner petitions which contain non-frivolous claims without requiring service upon respondents or granting leave to amend is disfavored by this Court.' ") (quoting Moorish Sci. Temple of Am. Inc. v. Smith, 693 F.2d 987, 990 (2d Cir. 1982); Benitez v. Wolff, 907 F.2d 1293, 1295 (2d Cir. 1990) (per curiam) ("Sua sponte dismissal of a pro se complaint prior to service of process is a draconian device, which is warranted only when the complaint lacks an arguable basis in law or fact. Where a colorable claim is made out, dismissal is improper prior to service of process and the defendants' answer.") (citations and internal quotations omitted)).

with prejudice; (2) plaintiff's claims against all defendants under 42 U.S.C. §§ 1985 and 1986 must be dismissed with prejudice; and (3) the claims against all defendants alleging violations of plaintiff's due process rights must be dismissed with prejudice. The freedom of association and cruel and unusual punishment claims[3] against Poole under § 1983 may proceed at this time and the U.S. Marshals Service will be directed to serve the summons and complaint on Poole.

### A. Personal Involvement

The claims against defendants Goord, LeClaire and Annucci appear to derive solely from their positions as high-level and now former supervisory officials with DOCS, and not their actual involvement in the decision to restrict plaintiff's contact visits. For example, the complaint alleges, *inter alia*, that "Goord is the [former] Commissioner of [DOCS] and is ultimately responsible for the operations and management of all correctional facilities that are part of DOCS. As [former] Commissioner ... he was aware of and acquiesced in the unconstitutional restrictions and conditions of plaintiff's confinement at Five Points...." (Complaint, ¶¶ 5). The same allegations are asserted against LeClaire and Annucci. (*Id.*, at ¶¶ 6-7).

---

[3]In *Bazzetta*, the Supreme Court, while holding that an indefinite withdrawal of an inmate's visitation privileges pursuant to a regulation that restricted such privileges based on an inmate's two time violation of a substance abuse policy did not violate either the inmate's First or Eighth Amendment rights, did state that "[i]f the withdrawal of all visitation privileges were permanent or for a much longer period, or if it were applied in an arbitrary manner to a particular inmate, the case would present different considerations," but that "[a]n individual claim based on indefinite withdrawal of visitation or denial of procedural safeguards ... would not support [a finding] that the entire regulation is invalid." 539 U.S. at 137. Here, plaintiff alleges that he has been denied all contact visitation privileges since February 2004. Because of this Circuit's oft-stated restrictions on *sua sponte* dismissals prior to service of a complaint, the Court is compelled to allow the First and Eighth Amendment claims to proceed at this time. See *Abbas*, 480 F.3d at 639.

4

It is well established that "respondeat superior cannot form the basis for a § 1983 claim." *Hemmings v. Gorczyk*, 134 F.3d 104, 108 (2d Cir.1998). The personal involvement of a supervisory defendant may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation; (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong; (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom; (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts; or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring. *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir.2003); *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir.1995). Mere "linkage in the prison chain of command" is insufficient. *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir.1985).

Based on the allegations of the complaint, the only alleged basis for liability against Goord, LeClaire and Annucci is their former roles in the New York State prison system hierarchy. This is simply insufficient to state a claim against them under § 1983.

### B. Claims Under 42 U.S.C. §§ 1985 and 1986

Plaintiff's complaint refers to 42 U.S.C. §§ 1985 and 1986, in addition to § 1983, as a basis for his claims herein. The claims under these two statutes must be dismissed for their failure to state a claim for relief. Section 1985 prohibits conspiracies to interfere with civil rights. The plaintiff's allegations fail to comport with the

requirements of 42 U.S.C. § 1985(1), (2) or (3). Subsection (1) prohibits conspiracies to prevent federal officials from performing their duties. Subsection (2) of § 1985 generally prohibits conspiracies aimed at deterring witnesses from participating in either a federal or state judicial proceedings. *See Chahal v. Paine Webber Inc.*, 725 F.2d 20, 23 (2d Cir.1984). These two subsections are clearly inapplicable to the plaintiff's claims.

Generally, section 1985(3) prohibits conspiracies to deprive persons of equal protection of the laws. In order to state a claim pursuant to this subsection, a plaintiff must allege: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. *Mian v. Donaldson, Lufkin & Jenrette Securities*, 7 F.3d 1085, 1087-88 (2d Cir. 1993) (citation omitted), *cert. denied*, 516 U.S. 824 (1995); *Julian v. New York City Transit Auth.*, 857 F.Supp. 242, 252 ((E.D.N.Y.1994), *aff'd*, 52 F.3d 312 (2d Cir.1995). "Furthermore, the conspiracy must be motivated by 'some racial or perhaps otherwise class based, invidious discriminatory animus ....' " *Pisello v. Town of Brookhaven*, 933 F.Supp. 202, 216 (E.D.N.Y.1996) (citation omitted). Section 1985(3) may not be construed as a "general federal tort law"; it does not provide a cause of action based on the denial of due process or other constitutional rights. *Griffin v. Breckenridge*, 403 U.S. 88, 101-02 (1971).

The instant complaint alleges no facts from which racial motivation for any alleged conspiracy to deny him contact visits may be inferred. *See Smith v. Walsh*,

519 F.Supp. 853, 856 (D.Conn.1981) (the complaint must allege that there was racial or class-based animus behind the conspiracy). Moreover, the Second Circuit has repeatedly held that, in order to state a claim of conspiracy under § 1985, the complaint must contain more than mere conclusory allegations; instead, plaintiff must allege facts sufficient to establish an agreement among two or more persons. See, e.g., Spear v. Town of West Hartford, 954 F.2d 63, 68 (2d Cir.), cert. denied, 506 U.S. 819 (1992); Salahuddin v. Cuomo, 861 F.2d 40, 43 (2d Cir. 1988); Ostrer v. Aronwald, 567 F.2d 551, 553 (2d Cir. 1977) (per curiam). Plaintiff's failure to provide a factual basis for a conspiracy claim, must lead to the dismissal of the claim under § 1985(3).

Under 42 U.S.C. § 1986, liability is imposed on an individual who has knowledge of wrongs prohibited under 42 U.S.C. § 1985 § 1985. Hence, a § 1986 claim is contingent on a valid § 1985 claim. Mian, 7 F.3d at 1088. Since plaintiff does not have a valid § 1985 claim, he does not have a valid § 1986 claim either. Graham v. Henderson, 89 F.3d 75, 82 (2d Cir. 1996).

### C. Due Process

As noted, the Court has construed plaintiff's complaint to allege that he has been denied contact visits in violation of his rights to due process. This claim must be dismissed because it fails to state a claim on which relief can be granted. See 28 U.S.C. § § 1915(e)(2)(B)(ii) and 1915A(b)(1). To the extent that plaintiff alleges that he was deprived of a liberty interest in violation of his constitutional rights, plaintiff must demonstrate that he possessed a protected liberty interest and that he was deprived of that interest without due process. Bedoya v. Coughlin, 91 F.3d 349, 351-52 (2d

Cir.1996); *Frazier v. Coughlin*, 81 F.3d 313, 316 (2d Cir.1996). It is well-established that contact visits are a *privilege* for inmates, not a *right*. See *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir.1996); *Hernandez v. Coughlin*, 18 F.3d 133, 136-138 (2d Cir.), *cert. denied*, 513 U.S. 836 (1994). Therefore, the Court finds that plaintiff's due process claim must be dismissed.

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee, his request to proceed *in forma pauperis* is hereby granted. For the reasons discussed above: (1) all of plaintiff's claims against Goord, LeClaire and Annucci are dismissed with prejudice; (2) plaintiff's claims against all defendants under 42 U.S.C. § § 1985 and 1986 are dismissed with prejudice; and (3) plaintiff's claims against all defendants alleging violations of plaintiff's due process rights are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A. The U.S. Marshals Service is directed to serve the summons and complaint on Thomas Poole, Superintendent of Five Points Correctional Facility.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that (1) all of plaintiff's claims against Goord, LeClaire and Annucci are dismissed with prejudice; (2) plaintiff's claims against all defendants under 42 U.S.C. § § 1985 and 1986 are dismissed with prejudice; and (3) the claims against all

defendants alleging violations of plaintiff's due process rights are dismissed with prejudice;

FURTHER, that the Clerk of the Court is directed to terminate defendants Glenn Goord, Anthony Annucci and Lucien LeClaire as parties to this action;

FURTHER, that the Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshals Service to serve copies of the Summons, Complaint, and this Order upon Thomas Poole without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendant is directed to respond to the complaint.

SO ORDERED.

Dated:     JUNE 5, 2007
Rochester, New York

_____
CHARLES J. SIRAGUSA
United States District Judge